IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLA SCHULTZ,<br><br>        *Plaintiff,*<br>  v.<br><br>UNION SECURITY INSURANCE COMPANY and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>        *Defendants.* | Case No. 2:21-cv-03511 |

## MEMORANDUM

All too often, we tend to demonize someone who sees things in a different light. But a disagreement can be honest. Two different people can view the same facts and reach different conclusions. Insurance law recognizes this principle and commands that substantive disagreements do not amount to bad faith. Instead, to show an insurance company's bad faith, an insured has to show that the insurer ignored its duties as an insurer. The claim tends to focus on process, not substance. When Nicola Schultz sought insurance benefits from Union Security Insurance Company ("USIC") and Sun Life Assurance Company of Canada ("Sun Life"), those companies engaged two doctors to review her file. The doctors concluded that she was not disabled. She disagrees with their conclusions. And, while she tries to convert her claim into one about the insurers' processes, her own Complaint establishes that the insurers did what they had to do when they received her claim. The Court will therefore dismiss Ms. Schultz's bad faith claim, and the case will proceed only on Ms. Schultz's breach of contract claim.

I.  **FACTUAL BACKGROUND**

Ms. Schultz worked at Monto Technical High School, which provides its employees with long-term disability ("LTD") benefits. The LTD policy defines "disabled" as "an injury [or] sickness… [that] prevents [one] from performing at least one of the material duties of [one's] regular occupation." (ECF No. 9-2 at 8.) On October 3, 2013, Ms. Schultz suffered a fall and underwent back surgery. She continued working until October 9, 2017. Soon after, she sought LTD benefits due to symptoms of depression, anxiety, and back pain.

On January 16, 2018, Sun Life and USIC approved Ms. Schultz's application for LTD benefits under the policy's "mental illness disability" provision. The provision has a maximum benefit period of twenty-four months (with certain exceptions not relevant to Ms. Schultz). While Ms. Schultz was receiving LTD benefits, her primary care physician, Kevin Melnick, D.O., diagnosed her with degenerative disc disease, herniated nucleus pulposus, right lumbar radiculopathy, and spondylolisthesis of the lumbar region. In light of her diagnosis, Ms. Schultz sought additional benefits from Sun Life beyond the twenty-four-month period.

USIC and Sun Life consulted Gregory J. Frey, M.D.—a licensed physician board-certified in internal medicine—to review Ms. Schultz's medical file. On January 3, 2018, Dr. Frey issued a report that summarizes Ms. Schultz's medical history, subjective symptoms, treatment medications, prior diagnoses, and physical examinations. Dr. Frey opined that Ms. Schultz's back troubles were "controlled" and did not prevent her from performing full-time work. In support of his conclusion, Dr. Frey referenced Ms. Schultz's significant decrease in pain medication and cited purported inconsistencies between her self-reported pain and objective findings from her physical examinations.

After reviewing Dr. Frey's report, USIC and Sun Life declined to pay additional LTD benefits. Ms. Schultz appealed that determination on July 13, 2018. As part of her appeal,

she submitted a Functional Capacity Exam ("FCE") report by evaluator Stephen Uetz, who concluded that Ms. Schultz's physical demand level was "below sedentary." On October 18, 2018, Dr. Frey issued an addendum to his initial report, which included a review of the FCE. He noted the FCE was comprised of task performances by Ms. Schultz that were, in his opinion, "not credible." Dr. Frey opined that Ms. Schultz's self-reported pain was inconsistent with (1) the physical examinations "that showed normal bilateral upper extremity strength," and (2) the report that Ms. Schultz "travelled to the Bahamas around the same general time as the FCE." (ECF No. 9-4 at 6.) Dr. Frey again concluded that Ms. Schultz's condition did not prevent her from returning to work.

On April 29, 2019, another of Ms. Schultz's physicians, Michael Roman, D.O. (who specializes in internal medicine), completed a "Treatment/Return to Work Assessment" form in which he diagnosed Ms. Schultz with back pain, sciatica, leg/foot/hip pain, and neuralgias. He further indicated that Ms. Schultz would "never be able to return to work." (ECF No. 9-5.) Dr. Frey reviewed Dr. Roman's submission and issued another addendum report on June 8, 2019. In his second addendum, Dr. Frey identified inconsistencies similar to those he had referenced in his previous reports, concluding the additional information did not change his opinion.

On January 2, 2020, Sun Life terminated Ms. Schultz's LTD benefits. Ms. Schultz appealed that determination and submitted additional information, including the results of a medical examination that Sonia Knight, D.O., conducted. Dr. Knight, a board-certified neurologist, opined that Ms. Schultz was unable to work full time.

Sun Life referred Ms. Schultz's updated medical file to a third-party medical vendor, the MLS group. MLS then selected Farjallah N. Khoury, M.D., who is board-certified in physical medicine and rehabilitation, to render an opinion. Dr. Khoury reviewed all available

medical records and opined that "[n]o specific restrictions [applied] with regards to sitting, standing, or [walking] as [Ms. Schultz's] gait is unassisted and consistently normal." (ECF No. 9-6 at 5.) In short, Dr. Khoury concluded that Ms. Schultz was capable of working full time "in a sustained capacity." (*Id.* at 6.) Relying on the opinions of Drs. Khoury and Frey, Sun Life upheld its initial determination.

On August 6, 2021, Ms. Schultz filed this lawsuit against USIC and Sun Life alleging breach of contract and insurance bad faith. USIC and Sun Life moved to dismiss Count II of Ms. Schultz's Complaint. That Motion is ripe for decision.

## II.   LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In making that determination, a court must "draw on its judicial experience and common sense." *Id.* First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790. The Court can also consider exhibits attached to the complaint and documents that are integral to the complaint or on which the complaint relies. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. ANALYSIS

"[T]o recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis when denying the claim." *Keefe v. Prudential Property and Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000). Negligence or bad faith judgment does not equate to bad faith. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quotation omitted). An insurer can contest and litigate legitimate coverage disputes without engaging in bad faith. *See Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (same).

The facts in Ms. Schultz's Complaint do not establish bad faith. The reports from Dr. Frey and Dr. Khoury (which Ms. Schultz references and on which she relies, and which the Court can therefore consider) gave Sun Life and USIC a reasonable basis to deny benefits to Ms. Schultz. In addition, the fact that two doctors conducted independent reviews of Ms. Schultz's file and provided Sun Life with their best analysis suggests that Sun Life neither knew that it lacked a reasonable basis nor that it recklessly disregarded a lack of a basis for its determination.

Ms. Schultz tries to avoid this outcome by criticizing Sun Life's and USIC's processes, but none of her criticisms suffices. *First*, she complains that Dr. Frey was not qualified to opine on her case because he is not board-certified in neurology or orthopedics. But as with expert witnesses, an insurance company's doctor does not have to be "the best qualified" or "have the specialization that the court considers most appropriate." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (quotation omitted). He just has to have enough competence to justify the insurance company's decision to rely on him. As a board-certified internist, Dr. Frey surpasses that level of qualification. *Cf. Holbrook v. Lykes Bros. S.S. Co.*,

5

80 F.3d 777, 782 (3d Cir.1996) (physician who was not a pathologist, oncologist, or expert in "definitive cancer diagnosis" still qualified to opine about cancer diagnosis). In fact, Dr. Frey possesses the same expertise as Dr. Roman, the physician on whom Ms. Schultz largely relies.

*Second*, Ms. Schultz complains that USIC and Sun Life should not have relied on a paper review but should instead have obtained a physical examination. The Policy allowed Sun Life and USIC to request a physical examination, but it did not require them to do so. Ms. Schultz has not shown anything about her case that required USIC to exercise that option in her case. Dr. Frey and Dr. Khoury felt confident in their ability to opine based on Ms. Schultz's case without a physical examination, and they identified specific disagreements with Ms. Schultz's self-reported pain and her prior medical guidance. Maybe USIC and Sun Life should have investigated further, but they were justified to rely on Dr. Frey and Dr. Khoury, particularly given the detail in their reports. *See J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004).

*Third*, and finally, Ms. Schultz contends that USIC and Sun Life had to contact her treating physicians before making a determination. She cites no authority for that position, and it's wrong. USIC and Sun Life were "not required to give greater credence to opinions of treating medical providers." *Phillips v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-1672, 2018 WL 6602202, at *2 (M.D. Pa. Dec. 17, 2018) (quotation omitted). Nor were they obligated to "actively … submerge [their] own interests." *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999), *aff'd*, 234 F.3d 1265 (3d Cir. 2000). Ms. Schultz might believe her own doctors over the insurers' doctors, and she might think that the insurers should have done so too. But she has not demonstrated that the failure to do so rendered the insurers' decision unreasonable.

## IV. CONCLUSION

While Sun Life and USIC could have done more to investigate Ms. Schultz's claim, they did not have to do more. What they did satisfied their legal obligation, and Ms. Schultz's criticisms do not demonstrate that reckless disregard or willfulness necessary for a bad faith claim. The Court will therefore grant the motion to dismiss Count II of the Complaint. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

Date: February 9, 2022